CHAD A. READLER
Acting Assistant Attorney General

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

MICHAEL D. GRANSTON
DANIEL R. ANDERSON
MICHAEL A. HOFFMAN
D.C. Bar No. 980238
United States Department of Justice, Civil Division
Ben Franklin Station
P.O. Box 261
Washington, D.C. 20044
Telephone: (202) 353-1271
Facsimile: (202) 514-0820
Michael.A.Hoffman@usdoj.gov

LON R. LEAVITT
Assistant United States Attorney
Utah Bar No. 11245
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Facsimile: (602) 514-7760
Lon.R.Leavitt@usdoj.gov

*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America *ex rel.* Cecilia Guardiola,<br><br>Plaintiff-Relator,<br><br>v.<br><br>Banner Health and NCMC, Inc.,<br><br>Defendants. | CV-13-2443-PHX-DMF<br><br>**THE UNITED STATES OF AMERICA'S NOTICE OF ELECTION TO INTERVENE**<br><br>[*EX PARTE* **AND UNDER SEAL**] |

Pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(2) and (4), the United States of America respectfully gives notice that it hereby intervenes in this action. Consistent

with Local Rule of Civil Procedure 40.2(d), the United States also gives notice that the parties have signed a Settlement Agreement (Exhibit 1), which became effective today. In light of the settlement, the parties intend to jointly seek dismissal of this action, subject to the terms of the settlement, as soon as possible after the settlement amount, which is due on or before April 20, 2018, has been paid. *See* Exhibit 1, ¶¶ 1, 16.

The United States requests that the relator's complaint, this notice, and the accompanying proposed order be unsealed. The United States also requests that all other papers on file in this action remain under seal because in discussing the content and extent of the United States' investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended. *See* 31 U.S.C. § 3730(b)(3) (motions to extend the seal and intervention deadline "may be supported by affidavits or other submissions in camera"); *see also, e.g., United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 902 F. Supp. 189, 192 (E.D. Mo. 1995) (unsealing various documents, including the complaints, but permitting materials that provided some "substantive details regarding the government's methods of investigation" to remain under seal).

Respectfully submitted this 10th day of April, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

LON R. LEAVITT
Assistant United States Attorney

# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General ("OIG-HHS") of the Department of Health and Human Services ("HHS") (collectively, "the United States"), Banner Health, and Cecilia Guardiola (hereafter collectively referred to as "the Parties"), through their authorized representatives.

## RECITALS

A. Banner Health, a Phoenix-based, Arizona nonprofit corporation, provides health care services through acute care hospitals and other health care facilities, including the hospitals at issue in this Agreement: Banner Baywood Medical Center (Mesa, AZ), Banner Heart Hospital (Mesa, AZ), Banner Boswell Medical Center (Sun City, AZ), Banner Del. E. Webb Medical Center (Sun City West, AZ), Banner Desert Medical Center (Mesa, AZ), Banner Estrella Medical Center (Phoenix, AZ), Banner Gateway Medical Center (Gilbert, AZ), Banner University Medical Center Phoenix, formerly known as Banner Good Samaritan Medical Center (Phoenix, AZ), Banner Ironwood Medical Center (San Tan Valley, AZ), Banner Thunderbird Medical Center (Glendale, AZ), North Colorado Medical Center (Greeley, CO) and McKee Medical Center (Loveland, CO) (collectively, "the Hospitals").

B. On or about November 27, 2013, Cecilia Guardiola ("Relator") filed a *qui tam* action in the United States District Court for the District of Arizona captioned *United States ex rel. Guardiola v. Banner Health and NCMC, Inc.* No. 2:13-cv-02443, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "Civil Action"). In the Civil Action, Relator made various allegations, including, but not limited to, that since at least 2010, Banner Health (1) submitted to the government false claims for inpatient services that should have been billed as outpatient services; (2) inflated the number of hours for which patients

received outpatient observation care; and (3) falsified bills submitted to Medicare to avoid denials by a specific Medicare contractor.

    C.    The United States contends that Banner Health submitted or caused to be submitted claims for payment to the Medicare Program, Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 ("Medicare").

    D.    The United States contends that it has certain civil claims against Banner Health arising from Banner Health knowingly submitting or causing to be submitted material, non-covered claims for payment to Medicare. In particular, the United States contends that for the period November 1, 2007 through December 31, 2016, Banner Health knowingly submitted or caused to be submitted claims for payment to Medicare for inpatient procedures provided at the Hospitals that should have been billed as outpatient or observation procedures and that related to the inpatient admission and treatment of Medicare beneficiaries that met all of the following criteria:

    1)    The inpatient admission was for a length of stay of one (1) day or less;

    2)    The patients on whose behalf the claims were submitted to Medicare were not transferred from or transferred or discharged to another acute care facility, did not leave the Banner Health hospital to which they originally presented against medical advice, and did not die while in a Banner Health Hospital; and

    3)    The claims were billed and paid under Medicare Part A, where Medicare was the primary payor of the claim and the claim resulted in payment by Medicare.

The conduct described in this Recital D and the conduct described in the Civil Action, all covering the time period November 1, 2007 through December 31, 2016, are collectively referred to below as the Covered Conduct.

E.  This Agreement is neither an admission of liability by Banner Health nor a concession by the United States that its claims are not well founded. Banner Health expressly denies the allegations of the United States and the Relator set forth herein and in the Civil Action.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Agreement, the Parties agree and covenant as follows:

## TERMS AND CONDITIONS

1. In consideration for the releases set forth below, Banner Health shall pay to the United States $18,300,000.00 plus interest at a rate of 2.250% from May 25, 2017 (collectively, the "Settlement Amount"), no later than 10 days after the Effective Date of this Agreement. Payment shall be made by electronic funds transfer pursuant to written instructions to be provided by the Civil Division of the United States Department of Justice.

2. Conditioned upon the United States receiving the Settlement Amount from Banner Health and as soon as feasible after receipt, the United States shall pay 18% of the Settlement Amount to Relator by electronic funds transfer.

3. Banner Health shall pay, pursuant to 31 U.S.C. § 3730(d), attorneys' fees, expenses, and costs in the amount of $144,105.13, in satisfaction of all fees, expenses, and costs incurred by any counsel for Relator in connection with this Civil Action, no later than 10 days after the Effective Date of this Agreement by electronic funds transfer pursuant to written instructions to be provided by Kreindler & Associates.

4. Subject to the exceptions in Paragraph 7 (concerning excluded claims) below, and conditioned upon Banner Health's full payment of the Settlement Amount, the United States releases Banner Health, including the Hospitals, together with its direct and indirect subsidiaries, and the successors, and assigns of any of them (but not any individuals), from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; any statutory provision creating a cause of action for civil damages or civil penalties that the Civil Division of the Department of Justice has actual and present authority to assert and compromise pursuant to 28 C.F.R. Part O, Subpart I, 28 C.F.R. § 0.45(d), or the common law theories of payment by mistake, unjust enrichment, and fraud.

5. Subject to the exceptions in Paragraph 7 below, and conditioned upon Banner Health's full payment of the Settlement Amount, Relator, for herself and for her heirs, successors, attorneys, agents, and assigns, agrees to dismiss with prejudice any currently pending claims against Banner Health in any federal or state court or in any other forum, and fully and finally releases Banner Health, its predecessors, its direct and indirect subsidiaries, and each of their current and former directors, trustees, agents, officers, employees, representatives, attorneys, consultants, successors, heirs, executors, administrators, assigns, individually and collectively (collectively, the "Banner Health Released Entities"), from the beginning of time to the effective date of this Agreement, from any and all manner of claims that Relator has asserted, could have asserted or may assert in the future, whether or not known now, anticipated, unanticipated, suspected or claimed, fixed or contingent, whether yet accrued or not and whether damage has resulted from such or not. Notwithstanding the generality of the forgoing, Relator specifically releases the Banner Health Released Entities from any and all

4

manner of claims arising under, or arising from the filing of the Civil Action, or from any past activities and actions of the Banner Health Released Entities, and from any civil monetary claim the Relator has or may have on behalf of the United States for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-33, including 31 U.S.C. § 3730(d), or any similar federal or state statute. Relator's release of claims under 31 U.S.C. § 3730(d) is conditioned upon Banner's payment of the amount described in Paragraph 3.

6. In consideration of the obligations of Banner Health in this Agreement and the Corporate Integrity Agreement (CIA), entered into between OIG-HHS and Banner Health (as defined in the CIA), and conditioned upon Banner Health's full payment of the Settlement Amount, the OIG-HHS agrees to release and refrain from instituting, directing, or maintaining any administrative action seeking exclusion from Medicare, Medicaid, and other Federal health care programs (as defined in 42 U.S.C. § 1320a-7b(f)) against Banner Health (as defined in the CIA) under 42 U.S.C. § 1320a-7a (Civil Monetary Penalties Law) or 42 U.S.C. § 1320a-7(b)(7) (permissive exclusion for fraud, kickbacks, and other prohibited activities) for the Covered Conduct, except as reserved in this Paragraph and in Paragraph 7 (concerning excluded claims), below. The OIG-HHS expressly reserves all rights to comply with any statutory obligations to exclude Banner Health (as defined in the CIA) from Medicare, Medicaid, and other Federal health care programs under 42 U.S.C. § 1320a-7(a) (mandatory exclusion) based upon the Covered Conduct. Nothing in this Paragraph precludes the OIG-HHS from taking action against entities or persons, or for conduct and practices, for which claims have been reserved in Paragraph 7, below.

7. Notwithstanding the releases given in paragraphs 4 and 5 of this Agreement, or any other term of this Agreement, the following claims of the United States are specifically reserved and are not released:

      a.     Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

      b.     Any criminal liability;

      c.     Except as explicitly stated in this Agreement, any administrative liability, including mandatory exclusion from Federal health care programs;

      d.     Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

      e.     Any liability based upon obligations created by this Agreement;

      f.     Any liability of individuals; and

      g.     Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct.

8. Relator and her heirs, successors, attorneys, agents, and assigns shall not object to this Agreement but agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). Conditioned upon Relator's receipt of the payment described in Paragraph 2, Relator and her heirs, successors, attorneys, agents, and assigns fully and finally release, waive, and forever discharge the United States, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Action or under 31 U.S.C. § 3730, and from any claims to a share of the proceeds of this Agreement and/or the Civil Action.

9. Banner Health waives and shall not assert any defenses Banner Health may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of this

Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

10. Banner Health fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Banner Health has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct and the United States' investigation and prosecution thereof.

11. The Banner Health Released Entities agree to dismiss with prejudice any currently pending claims against Relator in any federal or state court or in any other forum, and fully and finally release Relator, her agents, representatives, attorneys, consultants, heirs, executors, and assigns, individually and collectively, from the beginning of time to the effective date of this Agreement, from any and all manner of claims that the Banner Health Released Entities have asserted, could have asserted or may assert in the future, whether or not known now, anticipated, unanticipated, suspected or claimed, fixed or contingent, whether yet accrued or not and whether damage has resulted from such or not. Notwithstanding the generality of the forgoing, the Banner Health Released Entities specifically release the Relator, her agents, representatives, attorneys, consultants, heirs, executors, and assigns, individually and collectively, from any and all manner of claims arising under, or arising from the Civil Action, or from any past activities and actions of Relator, and from any claim Banner Health has or may have under the False Claims Act, 31 U.S.C. §§ 3729-33, or any similar federal or state statute.

12. The Settlement Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare contractor (e.g., Medicare Administrative Contractor, fiscal intermediary, carrier) or any state payer, related to the Covered Conduct; and Banner Health agrees not to resubmit to any Medicare contractor or any state payer any previously denied claims related to the Covered Conduct, agrees not to appeal any such denials of claims, and agrees to withdraw any such pending appeals.

13. Banner Health agrees to the following:

    a. <u>Unallowable Costs Defined</u>: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of Banner Health, its present or former officers, directors, employees, shareholders, and agents in connection with:

    (1)    the matters covered by this Agreement;

    (2)    the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

    (3)    Banner Health's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in connection with the matters covered by this Agreement (including attorney's fees);

    (4)    the negotiation and performance of this Agreement;

    (5)    the payment Banner Health makes to the United States pursuant to this Agreement and any payments that Banner Health may make to Relator, including costs and attorneys' fees; and

(6) the negotiation of, and obligations undertaken pursuant to the CIA to: (i) retain an independent review organization to perform annual reviews as described in Section III of the CIA; and (ii) prepare and submit reports to the OIG-HHS

are unallowable costs for government contracting purposes and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program (FEHBP) (hereinafter referred to as Unallowable Costs). However, nothing in paragraph 13.a.(6) that may apply to the obligations undertaken pursuant to the CIA affects the status of costs that are not allowable based on any other authority applicable to Banner Health.

b. <u>Future Treatment of Unallowable Costs</u>:  Unallowable Costs shall be separately determined and accounted for in nonreimbursable cost centers by Banner Health, and Banner Health shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by Banner Health or any of its subsidiaries or affiliates to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

c. <u>Treatment of Unallowable Costs Previously Submitted for Payment</u>: Banner Health further agrees that within 90 days of the Effective Date of this Agreement it shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs (as defined in this Paragraph) included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Banner Health or any of its subsidiaries or affiliates, and shall request, and agree, that such cost reports, cost statements, information

9

reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs. Banner Health agrees that the United States, at a minimum, shall be entitled to recoup from Banner Health any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies. The United States reserves its rights to disagree with any calculations submitted by Banner Health or any of its subsidiaries or affiliates on the effect of inclusion of Unallowable Costs (as defined in this Paragraph) on Banner Health or any of its subsidiaries or affiliates' cost reports, cost statements, or information reports.

   d. Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine, or re-examine Banner Health's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

14. This Agreement is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph 15 (waiver for beneficiaries paragraph), below.

15. Banner Health agrees that it waives and shall not seek payment for any of the health care billings covered by this Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

16. Upon receipt of the payment described in Paragraph 1, above, the Parties shall promptly sign and file in the Civil Action a Joint Stipulation of Dismissal of the Civil Action with prejudice pursuant to Rule 41(a)(1).

17. Except as provided in Paragraph 3, the Parties shall bear their own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

18. The Parties and signatories to this Agreement represent that they freely and voluntarily enter into this Agreement without any degree of duress or compulsion.

19. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the District of Arizona. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

20. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

21. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

22. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

23. This Agreement is binding on Banner Health's successors, transferees, heirs, and assigns.

24. This Agreement is binding on Relator's successors, transferees, heirs, and assigns.

25. The Parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

26. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement).  Facsimiles and electronic transmissions of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

## THE UNITED STATES OF AMERICA

DATED: 4/10/18    BY: _____
                       Lon R. Leavitt
                       Assistant United States Attorney
                       District of Arizona

DATED: 4/10/18    BY: _____
                       Michael A. Hoffman
                       Trial Attorney
                       Commercial Litigation Branch
                       Civil Division
                       United States Department of Justice

DATED: 4/09/18    BY: _____
                       Lisa M. Re
                       Assistant Inspector General for Legal Affairs
                       Office of Counsel to the Inspector General
                       Office of Inspector General
                       United States Department of Health and Human Services

13

**BANNER HEALTH – DEFENDANT**

DATED: 3/29/18    BY: _____
David Bixby
Chief Legal Officer and General Counsel

DATED: 4/3/18    BY: _____
David Rosenbloom
Rebecca C. Martin
McDermott Will and Emery LLP
444 West Lake Street
Chicago, Illinois 60606
Counsel for Banner Health

DATED: 3 April 2018    BY: _____
James Belanger
J. Belanger Law PLLC
P.O. Box 447
Tempe, AZ 85280-0447
Counsel for Banner Health

13

<u>**Cecilia Guardiola – RELATOR**</u>

DATED: 4/4/2018        BY: _____
                            Cecilia Guardiola

DATED: 4/4/2018        BY: _____
                            Mitch Kreindler
                            Kreindler & Associates
                            7676 Hillmont Street, Suite 240A
                            Houston, TX 77040
                            Counsel for Cecilia Guardiola